UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES WEST | : | DOCKET NO. 2:05-cv-1737<br>Section P |
| VS. | : | JUDGE MINALDI |
| WARDEN TERRELL, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff James West *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on October 3, 2005. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana, and complains of conditions of confinement at that institution. Plaintiff names ACC Warden Terrell, ACC physician Dr. Hart, ACC medical director Nelda Wilson, and ACC property room personnel Sgt. Kyle Klien as his defendants.

## STATEMENT OF THE CASE

Plaintiff states that in September 2004, he was sent to Lafayette Charity Hospital for right shoulder x-rays. Plaintiff was diagnosed with a "large bone spur . . . causing a cyst to develop on the bone." Plaintiff was given a cortisone shot and was scheduled to see an orthopedic specialist. Plaintiff states that on September 27, 2004, ACC physician Dr. Hart gave him a temporary duty status which limited the use of his right shoulder. In October 2004, plaintiff had an appointment with the orthopedic specialist, wherein surgery was recommended. Several months following this appointment (during which time plaintiff continued on the temporary duty status), plaintiff sent a letter to Dr. Hart inquiring about the status of the shoulder surgery. Plaintiff was told that due to security concerns, he could not

be given the date of the procedure.

Plaintiff states that on February 17, 2005, he filed an ARP against Dr. Hart and Nelda Wilson due to their failure to send him for the surgery. At some point thereafter, plaintiff was issued a permanent duty status, presumably restricting plaintiff's use of his right shoulder. Plaintiff's ARP was accepted by the Warden's office on July 29, 2005. Despite many letters to prison officials requesting a response to his ARP, plaintiff states that he never received same. Plaintiff also states that on September 9, 2005, he filed an ARP against the Warden for failing to respond to his ARP, which he claims constitutes a violation of his right to due process. Plaintiff contends that he did not receive even an acceptance/rejection response in regard to that ARP. Following the ARP filed on September 9, 2005, plaintiff claims that he filed a written request with defendant Klien seeking various documents supporting his medical claim. However, the plaintiff claims that he received no response.

As a result of the above, plaintiff seeks damages in the amount of $250,000.00, based on defendants' failure to: send him to surgery; respond to his ARPs; and, to provide plaintiff with the documents that he requested.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

Title 42 U.S.C. §1997e(a)[1] requires that prisoners exhaust the available administrative remedies prior to bringing a civil rights action with respect to prison conditions. This exhaustion requirement is mandatory, "irrespective of the forms of relief sought and offered through the administrative avenues." *Booth v. Churner*, 121 S.Ct. 1819, 1825 n.6 (2001); *Porter v. Nussle*, 122

---

[1] Section 1997e(a) provides,
(a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

S.Ct. 983, 992 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Further, a prisoner must exhaust the available administrative remedies prior to filing a civil rights action in federal court. *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998),*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998).

The Louisiana Department of Corrections has a two-step system of review to address inmates' formal grievances. *Cheron v. LCS Corrections Services, Inc.*, 891 So.2d 1250, 1257, 2004-0703 (La. 2005); LAC 22:I.325(G). This two-step procedure is initiated by the filing of a grievance with the warden within 90 days of the alleged event. LAC 22:I.325(G)(1)(a). The warden is required to respond to the inmate within 40 days of the date the request is received at the First Step. *Id.* Expiration of this time limit "shall entitle the inmate to move to the next Step in the process." LAC 22:I.325(G)(4)(a). An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections within 5 days of receipt of the decision by the warden. LAC 22:I.325(G)(2). A final decision will be made by the Secretary within 45 days of receipt. *Id.*

In his complaint, the plaintiff states that he filed a grievance with the warden of Allen Correctional Center which addressed the issue which he raises in this civil rights action. He admits that he took no further action with respect to the administrative remedies because the warden did not respond to his request for administrative relief at the First Step. He appears to be claiming that the warden's failure to respond excuses him from having to satisfy the exhaustion requirement. However, the warden's failure to respond to plaintiff's grievances did not prevent him from exhausting the administrative remedy procedure. Grievances are deemed denied when the time for the prison official to respond has expired. *See Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); LAC 22:I.325(G)(4)(a). Therefore, once the warden's response time had elapsed, the plaintiff's First Step request was deemed

3

denied, and he should have sought relief at Step Two of the administrative remedy procedure. Because plaintiff failed to present his claim at each step of the administrative remedy procedure available to him through the Department of Corrections, his civil rights action is subject to dismissal under 42 U.S.C. § 1997e. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of December, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

4